UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

FREDERICK LITTLE,

        Plaintiff,

   -against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT,
P.O. MASSARI, P.O. REED,
P.O. CALLIGAN, P.O. PADILLA,
SANDYE RENZ,

        Defendants.

-----------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

05-CV-2873 (DLI)

IRIZARRY, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against defendants alleging that they are in violation of his civil rights. Plaintiff seeks $2,500,000 in damages. Compl. ¶ 131. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and dismisses the complaint in part for the reasons set forth below.

## BACKGROUND

    Plaintiff and defendant Sandye Renz are involved in an ongoing dispute in Kings County Family Court over the custody and visitation rights concerning their daughter. Compl. ¶¶ 16-17. Plaintiff alleges that Renz has filed "bogus malicious" complaints against him with the New York City Police Department in order to gain an "advantage in [the] ongoing custody battle for the life of the now four year old child." Id. ¶ 13. Plaintiff's complaint alleges that he was arrested on four occasions in 2004, and that on three of those occasions, the charges against him were dismissed.

    Plaintiff alleges that Renz filed the first complaint on January 9, 2004 which claimed that plaintiff harassed her by phone. Id. ¶ 19. The complaint resulted in plaintiff being arrested by

defendant Calligan "without warrent [sic]" on February 7, 2004, and initiated "an ongoing series of Temporary Protection orders" against plaintiff. Id. Plaintiff alleges that on July 13, 2004, he was convicted of "temporary aggrivated [sic] harassment" based on Renz's "purjured [sic] uncorroborated testimony." Id. ¶ 21. Plaintiff alleges that sentencing for this conviction was scheduled for September 9, 2004, id. ¶ 95, but the outcome of the sentencing hearing is not disclosed.

Plaintiff further alleges that pursuant to complaints filed by Renz and because of alleged violations of protection orders, he was arrested by: (1) defendant Massari on June 8, 2004, id. ¶¶ 32-40; (2) defendants Reed and Calligan on August 6, 2004, id. ¶¶ 81-83; and (3) defendant Padilla on November 8, 2004. Id. ¶¶ 110-114. Plaintiff alleges that the underlying charges for these three arrests were subsequently dropped. Id. ¶¶ 61, 92, 129.

Plaintiff believes that he has been unfairly targeted by defendant police officers because Renz is a "personal friend" of Police Officer Massari, id. ¶ 52, and because of "his past widely published civil rights work involving Police." Id. ¶ 54. Plaintiff alleges that he is the victim of "False malicious arrest ... malicious abuse of process and malicious prosecution conspiracy to give Renz custody favor in Family Court and deprive Plaintiff of the society and comfort and visitation with their child." Id. ¶ 65.

## DISCUSSION

A.  Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, a plaintiff seeking to bring a lawsuit in

federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction).

Further, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

B.  Municipal Liability

Plaintiff names the City of New York and the New York City Police Department as defendants. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter, Ch. 17, § 396. Accordingly, plaintiff's § 1983 claim against the New York City Police Department shall be brought in his claim against the City of New York. See Lovanyak v. Cogdell, 955 F. Supp. 172, 174 (E.D.N.Y. 1996) (citing Bailey v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996)). In order to sustain a claim for relief under § 1983 against a municipal defendant, plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Bd. of

3

County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)). Plaintiff does not allege that his rights were violated as a result of any officially adopted policy or custom. Accordingly, plaintiff's § 1983 claims against the City of New York and the New York City Police Department are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

C.    Private Actor

A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. See Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). For plaintiff to succeed on his § 1983 complaint, he must first establish that the conduct of the named defendants is "fairly attributable to the State." Am. Mfrs. Mut. Ins. Co., 526 U.S. at 50.

Defendant Sandye Renz is a private individual and not a state actor for § 1983 purposes. Thus, plaintiff's claim against Renz is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

D.  Claim Relating to the February 7, 2004 Arrest

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87. The underlying basis for the holding in Heck is "that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Id. at 486. The principle applies to § 1983 actions "that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." Id.

Plaintiff's claim regarding his allegedly unlawful arrest on February 7, 2004 is barred under Heck. Police are not subject to § 1983 liability for false arrest where the disputed arrest was supported by probable cause. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). A prosecution and conviction, if not overturned, is conclusive evidence that an arrest was supported by the requisite probable cause. Weyant, 101 F.3d at 852; Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986) ("the common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested"). Plaintiff alleges that he was convicted for the charges relating to his February 7, 2004 arrest on July 13, 2004. Compl. ¶ 21. Accordingly, his § 1983 false arrest claim against police officer Calligan concerning his February 7, 2004 arrest is foreclosed by Heck, and it is dismissed for failure to

state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, plaintiff's claim regarding his February 7, 2004 arrest is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the complaint is dismissed as to defendants the City of New York, New York City Police Department and Sandye Renz. No summons shall issue as to these defendants.

Plaintiff's complaint shall proceed against defendants Massari, Reed, Calligan and Padilla with regard to his June 8, 2004, August 6, 2004, and November 8, 2004 arrests. All other defendants shall be deleted from the caption. The Clerk of Court shall issue a summons naming Massari, Reed, Calligan and Padilla as defendants. The Court directs the United States Marshal Service to serve the summons, complaint, and a copy of this Order upon defendants, without payment of fees. A courtesy copy of the same documents shall be served on the Corporation Counsel for the City of New York. This matter is referred to Magistrate Judge Lois Bloom for all further pretrial proceedings.

SO ORDERED.

_____
Dora L. Irizarry
United States District Judge

Dated: Brooklyn, New York
July 29, 2005